DAVE ALLEN v. STATE.

No. A-8070. Nov. 6, 1931.
(5 Pac. [2d] 183.)

L. A. Pelley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of 27 gallons of whisky, and sentenced to serve 30 days in the county jail, and pay a fine of $150, and appeals.

The testimony on behalf of the state tends to show that the officers had received information that there would be a carload of whisky delivered at the home of E. B. Allen, a brother of the defendant in this case; the officers went to the place and waited until the car drove into the yard of E. B. Allen and stopped; E. B. Allen and Dave Allen, the defendant in this case, came out to the car and Dave was handed a package by the man in the car, and he carried the package to the porch of the E. B. Allen home; the officers came up at this time and opened the package and testified that it contained whisky.

The defendant, testifying for himself, admitted he was at his brother's house the evening the car drove into the yard with the whisky the officers secured; that the officers seized the car and some boxes that were in the car.   The defendant further stated he did not know the car was coming, nor did he know the car coming to his brother's place contained whisky, and denied he had anything to do with the unloading of any of the whisky.   He stated he visited his brother's home frequently, and they

were looking for his father and mother to come from Texas to visit them. The defendant further stated the reason he came out of the house when the car arrived was that he was expecting his father and mother, and that he absolutely did not carry a box from the car to the porch of his brother.

The testimony on behalf of the state and the defendant is conflicting. Where there is a conflict in the testimony, that is a question for the jury. In this case, the jury settled the conflict against the defendant and found him guilty.

The record has been carefully examined, and no errors prejudicial to the rights of the defendant appearing, the judgment of the trial court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.